**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EMANUEL GALVEZ,

        *Plaintiff*,

    v.

MIDLAND CREDIT MANAGEMENT, INC.,
and JOHN DOES 1 TO 10,

        *Defendants*.

No. 25-cv-14985 (MEF)(LDW)

**OPINION AND ORDER**

\*    \*    \*

The Defendant[1] has filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1).  See Notice of Motion (ECF 7).

The Defendant makes two arguments in favor of dismissal.

First, the Defendant argues that the Plaintiff[2] lacks standing to sue.  See Motion to Dismiss and For Sanctions ("Defendant's Brief") (ECF 7-1) at 4-5.

Because standing is jurisdictional, see Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994), this is an argument that is properly made on a Rule 12(b)(1) motion.

But the Defendant also makes a second argument --- that this case must be dismissed under New Jersey's entire controversy doctrine.  See Defendant's Brief at 5-6.

A Third Circuit decision cited in the parties' legal papers, see Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and for Sanctions ("Defendant's Opposition") (ECF 11) at 22; Letter Brief in Reply to Motion to Dismiss and For Sanctions ("Defendant's Reply") (ECF 14) at 10, indicates that a district court should not generally treat "a motion to

---

[1]  Midland Credit Management, Inc.

[2]  Emanuel Galvez.

dismiss on [e]ntire [c]ontrovery grounds [a]s a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)." Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

Instead, an argument about the entire controversy doctrine should typically "be the grounds for a motion to dismiss for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), and only then where the applicability of the doctrine is "apparent on the face of the complaint." See id. (cleaned up).

Though he cites Rycoline, the Plaintiff has made nothing of this.[3]  And seemingly with good reason.

One of the key differences between these two species of motion to dismiss: on a Rule 12(b)(1) motion, a district court may sometimes look beyond the four corners of the complaint, see Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000), whereas a district court is generally limited to the allegations within a complaint in deciding a Rule 12(b)(6) motion.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

But here any relevant materials beyond the complaint were publicly filed in a state court litigation.  See Defendant's Brief at 5-6; Defendant's Opposition at 2-3.  And, even on a 12(b)(6) motion, a court may consider such materials.  See In re Congoleum Corp., 426 F.3d 675, 679 n.2 (3d Cir. 2005); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993).

As a result, in the context of this case, the 12(b)(1)/12(b)(6) distinction is unlikely to be of any practical significance.

Against this backdrop, the Court is inclined to treat the Defendant's motion to dismiss at ECF 7 as having been made under Rule 12(b)(1) (with respect to standing) and Rule 12(b)(6) (with respect to the entire controversy doctrine) --- and to then decide the 12(b)(1)/12(b)(6) motion, considering all of the materials cited in the parties' legal papers.

---

[3]  Indeed, the Plaintiff appears to affirmatively treat the Defendant's motion as both a motion to dismiss under Rule 12(b)(1) and under Rule 12(b)(6).  See Plaintiff's Opposition at 4 & n.2.

If either party objects to the Court taking this course, it shall file a short letter by July 10 at 5:00pm so indicating.

IT IS on this 8th day of July, 2026, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

3